IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 02-cv-01621-WYD-MJW

LEE ALPHONSO MOORE,

    Plaintiff,

v.

KATHLEEN HAWK, Director, Bureau of Prisons, et al.,

    Defendants.

_____

**ORDER**
_____

THIS MATTER is before the Court on the United States' Unopposed Motion for Relief from Order Pursuant to Fed. R. Civ. P. 60(b) filed January 10, 2005. By Order of January 25, 2005, I indicated, pursuant to the United States' request, that the case should be remanded to this Court as I was inclined to grant the relief requested in the United States' motion; namely, to vacate the July 9, 2004 Order. The case was remanded back to this Court by the United States Court of Appeals for the Tenth Circuit by Order of February 9, 2005, and the case was dismissed by the Tenth Circuit by Order of February 10, 2005.

I now turn to the merits of the United States' Unopposed Motion for Relief from Order Pursuant to Fed. R. Civ. P. 60(b). This motion seeks an order reversing the July 9, 2004 Order that dismissed the fourth claim, the only remaining claim in the lawsuit. The July 2004 Order affirmed and adopted a Recommendation of Magistrate Judge

Watanabe that the fourth claim be dismissed for lack of subject matter jurisdiction because it was barred by the discretionary function exception to the Federal Tort Claims Act.  Judgment was entered on this claim and the claims that had previously been dismissed on July 16, 2004.

The Recommendation that was affirmed by the July 2004 Order was based on a finding that "the plaintiff had not shown that any specific and mandatory regulation, statute, or policy in fact required a particular course of action with respect to these matters, and the moving defendants correctly stated that there were no specific legal mandates or directives."  *See* Recommendation of United States Magistrate Judge filed March 2, 2004, at 8.  The United States contends that after receiving Plaintiff's opening appellate brief in which Plaintiff references certain information obtained through a FOIA request, it researched Plaintiff's claim and discovered that certain documentation should have been provided to this Court *in camera* for its review in deciding whether the discretionary function exception applied.  Since this was not done, the United States contends that the July 2004 Order was based on incomplete information and cannot stand.

The Court, having carefully reviewed the United States' motion and being fully advised in the premises, finds that the motion should be granted.  "Relief under Rule 60(b) is discretionary and is warranted only in exceptional circumstances."  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991); *see also Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000).  I find that the United States has shown exceptional circumstances that satisfy one or more of Rule 60(b)'s grounds

for relief since it alleges that it has learned that the information it provided in connection with the motion to dismiss the fourth claim was incomplete. Accordingly, I find that relief is warranted under Rule 60(b)(1), (2) and/or (6).

In conclusion, it is

ORDERED that the United States' Unopposed Motion for Relief from Order Pursuant to Fed. R. Civ. P. 60(b) filed January 10, 2005 is **GRANTED**. The July 9, 2004 Order is **VACATED**. The Judgment in this case dated July 16, 2004 is **VACATED IN PART**. Specifically, the Judgment is vacated as to claim four only and not as to claims one, two, three and five. It is

FURTHER ORDERED that a status conference in this case is set **Monday, November 21, 2005 at 11:00 a.m.** A joint status report shall be filed by the parties no later than seven (7) days prior to the conference, or by **Monday, November 14, 2005.**

Dated: October 27, 2005

                                      BY THE COURT:

                                      s/ Wiley Y. Daniel  
                                      Wiley Y. Daniel  
                                      U. S. District Judge